UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

L. ANDREW BERNHEIM,                                              05-CV-0118E(Sr)

          Plaintiff,

  -vs-

DAVID ELIA,                                                      MEMORANDUM
DANIEL ELIA,
THE ESTATE OF ALFRED ELIA,                                       and
THE ALFRED ELIA TRUST,
THE ESTATE OF JOSEPHINE ELIA,                                    ORDER[1]
BERNADETTE ELIA,
TINA ELIA,
JOHN AND JANE DOES 1-50 and
JOHN AND JANE DOES 1-100,

          Defendants.

---

      Plaintiff commenced this action on February 23, 2005.  On February 23, 2005, plaintiff also filed a motion for a preliminary injunction, a temporary restraining order and an order of attachment.  On April 20, 2005, the undersigned signed a consent order granting plaintiff's motion pending an order by the Court.  Plaintiff seeks declaratory relief, a money judgment, an attachment of real and personal property and a permanent injunction against defendants.  On April 23, 2005, plaintiff moved to compel discovery and, on April 27, 2005, defendants moved to dismiss plaintiff's Complaint.  For the reasons set forth below,

---

[1] This decision may be cited in whole or in any part.

defendants' motion will be granted, plaintiff's motions will be dismissed and plaintiff's claims will be dismissed without prejudice.

This case is based on plaintiff's 1987 purchase of one-third interest in D.A. Elia Construction Corp. ("Elia"), of which defendants are or were part owners, and on subsequent bankruptcy and other judicial proceedings. Plaintiff is seeking compensatory and punitive damages in excess of $10 million, declaratory relief that he is the sole shareholder of Elia or, alternatively, a fifty-percent shareholder, a creation of a constructive trust on defendants' property in an amount equal to the money allegedly wrongfully diverted from Elia, an attachment of real and personal property in excess of $3 million and an injunction preventing Elia from, *inter alia*, transferring any of its funds.

The facts, in the light most favorable to plaintiff, are found as follows and are undisputed. Plaintiff filed a Chapter Eleven Bankruptcy Petition on October 6, 1982. In 1990, plaintiff commenced litigation in New Jersey Bankruptcy Court against Elia (the "New Jersey Litigation"). The claims in the New Jersey Litigation are essentially the same as those in this matter — *viz.*, issues concerning ownership of Elia and benefits thereof. The New Jersey Litigation was dismissed on March 21, 2001 for lack of jurisdiction.

In 1994, Elia filed a Chapter Eleven Bankruptcy Petition in the Western District of New York Bankruptcy Court (hereafter the "Bankruptcy Proceeding" or the "Bankruptcy Court"). The Bankruptcy Proceeding was a Surplus 11

Bankruptcy, in which all the creditors were paid in full and the debtor corporation, Elia, has funds remaining in surplus (hereafter "Elia's Surplus"). Currently, the Bankruptcy Proceeding is still open pending the resolution of an appeal before Chief Judge Richard J. Arcara, 04-CV-0975A, of the Bankruptcy Court's October 19, 2004 Order approving Damon & Morey, LLP's Fee Applications (hereafter "Damon & Morey Matter"). Plaintiff has moved to intervene in the Damon & Morey Matter, on which motion a decision has not as yet been issued.

The size of Elia's Surplus is entirely contingent upon the resolution of the Damon & Morey Matter. Once the Damon & Morey Matter is resolved, Elia will have to file a Debtor-in-Possession Final Report and Account in Bankruptcy Court ("Final Report") and the Bankruptcy Proceeding will be closed. Only then will any of Elia's shareholders and/or owners — one of whom plaintiff claims to be — have a claim to Elia's Surplus.

Plaintiff makes various factual allegations in his Complaint, the relevant ones of which depend on the Final Report filed with the Bankruptcy Court. As such, all of plaintiff's claims except for that of declaratory judgment will not be ripe for adjudication until the Final Report is filed with the Bankruptcy Court. *See Battenfeld Soccer, Inc.* v. *Am. Indoor Soccer Ass'n*, 2002 U.S. Dist. LEXIS 13897, at \*7 n.5 (W.D.N.Y. 2002) (Elfvin, J.) ("Where, as here, the claim of damages is contingent on the outcome of a separate, pending lawsuit, the claim is not ripe and the complaint must be dismissed.") (citation and internal quotations

omitted); *In re Fugazy Express, Inc.*, 982 F.2d 769, 776 (2d Cir. 1992) (finding that a bankruptcy order is considered to be final when "all of the issues pertaining to a discrete claim, including issues as to the proper relief," have been resolved).  As plaintiff has moved to intervene in the Damon & Morey Matter and as the Bankruptcy Proceeding is still pending, the undersigned does not see how the interests of judicial economy or administrative efficiency will be served by determining the rights of the parties without being able to determine the benefits that may flow from those rights until matters pending before other courts are resolved.  Therefore, the Court will dismiss plaintiff's claims without prejudice and allow plaintiff to refile his claims subsequent to a determination of the Damon & Morey Matter and the close of the Bankruptcy Proceeding.

Accordingly, it is hereby **ORDERED** that plaintiff's claims are dismissed without prejudice and that the Clerk of the Court shall close this case.

DATED:     Buffalo, N.Y.

January 9, 2006

*/s/ John T. Elfvin*
JOHN T. ELFVIN
S.U.S.D.J.