**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**L. ANDREW BERNHEIM**

                              **Plaintiff,**

                **-v-**                                              **05-CV-0118A(Sr)**

**DAVID ELIA, et al.,**

                              **Defendants**

---

## REPORT RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #37.

Currently before the Court is defendants' motion to dismiss the complaint as barred by the statute of limitations (Dkt. #41); plaintiff's motion to strike defendants' attorney's affidavits and statement of facts in support of defendants' motion to dismiss (Dkt. #43), and plaintiff's motion for partial summary judgment.  Dkt. #46.  For the following reasons, it is recommended that defendants' motion to dismiss the complaint be denied; plaintiff's motion to strike be denied; and plaintiff's motion for partial summary judgment be granted.

## BACKGROUND

Plaintiff filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court, District of New Jersey, on October 6, 1982.  Dkt. #1, ¶ 11.

In 1987, plaintiff purchased a one-third interest in D.A. Elia Construction Corporation ("Elia Construction").  Dkt. #41-2, ¶¶ 5-6; Dkt. #41-9, ¶ 2.

On March 30, 1994, Elia Construction filed a Chapter 11 Bankruptcy Petition in the Bankruptcy Court for the Western District of New York.  Dkt. #41-9, ¶ 7. Plaintiff filed a Proof of Claim alleging an ownership interest in Elia Construction.  Dkt. #44, ¶ 4.  Elia Construction objected to plaintiff's claim.  Dkt. #41-9, ¶ 8.

On December 1, 1997, Judge Kaplan approved a settlement of all claims pending between United States Fidelity & Guaranty Company ("USF&G"), and Elia Construction.  Dkt. #1, ¶ 18.  USF&G paid a total of $4.6 million.  Dkt. #1, ¶ 18.  Pursuant to an Allocation Agreement, $3,521,976 was directed to Elia Construction; $540,650 was paid to David Elia; and $537,374 was paid to Alfred and Daniel Elia.  Dkt. #1, ¶ 18.

Plaintiff had filed Proof of Claim No. 1 against  Elia Construction in an amount exceeding $1 million, but  Elia Construction objected to the claim in April of 1998. Dkt. #1, ¶ 20.

By Order entered June 1, 1998, with consent of plaintiff, Judge Kaplan subordinated plaintiff's claim as a creditor to those of non-insider creditors, held

distribution to insider creditors pending further order of the Court and suspended further

proceedings pending resolution of the New Jersey bankruptcy proceeding.  Dkt. #1, ¶ 22.

Thereafter, by Supplemental Order entered June 4, 1998, Judge Kaplan further

> Ordered that Bernheim's response to the Debtor's objection to claim #1 is deemed to be a request that this Court abstain from hearing the objection to claim #1 in favor of a resolution of various issues pending before the Bankruptcy Court for the District of New Jersey.  Bernheim's response is also deemed to be a request that this Court lift the stay in these proceedings to a limited extent so as to allow the matters in the Bankruptcy Court for the District of New Jersey to proceed.  It is further
> ORDERED that this Court will abstain from hearing the Debtor's objection to claim #1 of Bernheim, in favor of a resolution of related matters in the Bankruptcy Court for the District of New Jersey; and it is
> ORDERED that to the extent that lift of the automatic stay is necessary in order to have a full adjudication with respect to claims of ownership in the Debtor-corporation, the stay is lifted . . . .

Dkt. #41-3.


By Order entered October 20, 1998, Judge Kaplan confirmed that the order

of June 1, 1998 remained in effect and that Elia Construction "shall not expend any of its

funds towards restarting its business until: a) all general unsecured creditors in this case

have been paid as allowed; and b) there is a resolution to the claim(s) of Bernheim."  Dkt.

#1, ¶ 25.


When Daniel Elia sold his stock back to the corporation in 1998 or 1999,

plaintiff alleges that he and David Elia each became 50% shareholders in D.A. Elia

Corporation.  Dkt. #1, ¶ 14.

By Stipulation and Order entered June 5, 2000 by Judge Gindin, David and Bernadette Elia, Alfred and Josephine Elia, Daniel and Tina Elia, the Alfred Elia Trust and Elia Construction agreed that "[s]ubject to the Confidential Settlement Agreement entered into by Bernheim, the Elia's and [Elia Construction], Bernheim was the sole owner of [Elia Construction] for the years 1987 through 1999, inclusive." Dkt. #46-3, p.3.

On June 15, 2000, Judge Gindin entered an "Amended Order Directing Return By New York State Department Of Taxation And Finance Of All Payments Made To It By The Elia Parties From January 1, 1987 Through December 31, 1999." Dkt. #46-3, p.14.

On June 21, 2000, Judge Gindin entered a "Final Order Approving Global Settlement Between Bernheim and Related Debtors, and Elia Debtor and Related Parties and Determining and Fixing All Tax Liabilities from the Beginning of Time Through December 31, 1999 as to all New York and New Jersey Taxing Authorities, Internal Revenue Service and United States of America as to Above-Named Debtors and Related Elia Parties." Dkt. #46-3, p.18.

The Agreement, dated October 24, 2000, provides, *inter alia*, that:

7.   This document shall serve as a closing document and Bernheim is selling all of his stock in [Elia Construction] to the Elia's or their designees for the consideration set forth.

7a.  The job of the arbitrator is to determine the total amount due L. Andrew Bernheim.

8.   This document is to be interpreted and deemed a completion of sale as per all sections of Section 363 of the

> Bankruptcy Code; however, until all payments of monies
> attributable to the value of the stock (as opposed to tax
> savings) are made the stock is to be held jointly by Jeffrey
> Posta, Esq. and Bernard Schenckler, in an escrow account as
> to be decided by them.

* * *

> 10. This document is binding upon the wiring of the monies
> set forth above and receipt of said monies in the account of L.
> Andrew Bernheim, by 5 p.m. time of the essence, October
> 24th.

Dkt. #46-3, pp.10-11.


Plaintiff affirms that he "never received the compensation contemplated by

the Agreement for the contemplated sale."  Dkt. #46-2, ¶ 5.  Plaintiff also affirms that he

maintains possession of the stock certificate reflecting that he is the owner of all

authorized and issued shares of Elia Construction.  Dkt. #46-2, ¶ 6.  Moreover, plaintiff

affirms that:

> Pursuant to the Agreement, the consideration to be received
> by me for the sale was to be determined by an arbitrator, with
> time being of the essence.  No arbitration ever took place,
> and hence the total consideration for the sale was never
> determined.  Moreover, the Elia's failed to pay certain
> consideration for the sale that had been fixed by the Court in
> its June 21, 2000 Order, in that they failed to pay $200,000 to
> the firm of Sterns, Weinroth for the benefit of my bankruptcy
> creditors.  In addition, my stock certificate was never placed in
> escrow as called for by the Agreement, and I continue to have
> sole possession of the certificate today.  At the time the
> October 24, 2000 Agreement was executed the appeal
> already was pending and, pursuant to the express terms of
> the Agreement, it could not be consummated until the June
> 15 and 21, 2000 Orders became final and non-appealable.

Dkt. #44-6, ¶ 9.

The Internal Revenue Service appealed Judge Gindin's Orders to the United States District Court for the District of New Jersey.  Dkt. #46-3, p.30.  By Memorandum and Order entered December 13, 2000, the Hon. Anne E. Thompson, U.S.D.J., vacated Judge Gindin's Orders entered June 15, 2000 and June 21, 2000 and remanded the matter back to the bankruptcy court.  Dkt. #46-3, pp.30-31.

On March 21, 2001, the Hon. Raymond T. Lyons, Jr., U.S.B.J., New Jersey Bankruptcy Court, found that "from the point of view of 28 U.S.C. Section 1334, making a determination of the tax liability of Mr. Bernheim is not related to the administration of a bankruptcy estate and therefore this Court lacks jurisdiction."  Dkt. #44-2, p.33.  Judge Lyons then granted the Elia's alternate motion to dismiss the adversary proceeding for lack of jurisdiction, stating:

> The cause of action here does not belong to the bankruptcy estate or to the liquidating trustee.  It belongs solely to the debtor and is based solely on post confirmation transactions. It was not an asset of the debtor at the time he filed bankruptcy.  It was not an asset of the debtor at the time his plan was confirmed.  And it never became an asset of the estate in administration.  Therefore I hold that this Court does not have jurisdiction over the complaint under 28 U.S.C. 1334.

Dkt. #44-2, p.36.

On February 23, 2004, David Elia, as the purported CEO of Elia Construction, filed a Final Report and Account with the bankruptcy court in the Western District of New York indicating that $1,590,038.00 had been paid to the holders of unsecured claims; $180,000 had been paid as salary to David Elia; and a surplus of

$759,6000 remained.  Dkt. #1, ¶ 35.  Debtor's counsel objected to the Final Report,

arguing that there should be approximately $2 million available.  Dkt. #1, ¶ 36.


Plaintiff commenced this action on February 23, 2005, asserting diversity

jurisdiction, seeking:

> (1) a declaration that, by virtue of the Stipulation and Order of June 5, 2000, plaintiff is the sole shareholder of Elia Construction;
>
> (2) alternatively, a declaration that plaintiff is a 50% shareholder of Elia Construction;
>
> (3) damages for conversion of Elia Construction funds;
>
> (4) imposition of a constructive trust upon Elia Construction assets which were misappropriated and converted;
>
> (5) damages for breach of fiduciary duty;
>
> (6) damages for fraud related to defendants' representation that insider creditors would not be paid and that Elia Construction funds would not be used to re-establish the business;
>
> (7) damages caused by defendants' conspiracy to divert funds from Elia Construction;
>
> (8) damages caused by defendants' facilitation of conversion, breach of fiduciary duty and fraud;
>
> (9) an injunction preventing further depletion of Elia Construction's assets; and
>
> (10) an accounting of Elia Construction's assets.

Dkt. #1.


On January 10, 2006, the Hon. John T. Elfvin dismissed the complaint

without prejudice to refiling subsequent to the completion of the bankruptcy proceeding.

Dkt. #26.  Judge Elfvin wrote:

> In 1994, [Elia construction] filed a Chapter Eleven bankruptcy
> Petition in the Western District of New York Bankruptcy Court
> . . . . The Bankruptcy Proceeding was a Surplus 11
> Bankruptcy, in which all the creditors were paid in full and the
> debtor corporation, [Elia Construction], has funds remaining in
> the surplus . . . . Currently, the Bankruptcy Proceeding is still
> open pending the resolution of an appeal before Chief Judge
> Richard J. Arcara, 04-CV-0975A, of the Bankruptcy Court's
> October 19, 2004 Order approving Damon & Morey, LLP's
> Fee Applications (hereafter "Damon & Morey Matter").
> Plaintiff has moved to intervene in the Damon & Morey
> Matter, on which motion a decision has not as yet been
> issued.[1]
>
> The size of [Elia Construction's] Surplus is entirely
> contingent upon the resolution of the Damon & Morey Matter.
> Once the Damon & Morey Matter is resolved, [Elia
> Construction] will have to file a Debtor-in-Possession Final
> Report and Account in Bankruptcy Court ("Final Report") and
> the Bankruptcy Proceeding will be closed.  Only then will any
> of [Elia Construction's] shareholders and/or owners – one of
> whom plaintiff claims to be – have a claim to Elia's Surplus.
>
> Plaintiff makes various factual allegations in his
> Complaint, the relevant ones of which depend on the Final
> Report filed with the Bankruptcy Court.  As such, all of
> plaintiff's claims except for that of declaratory judgment will
> not be ripe for adjudication until the Final Report is filed with
> the Bankruptcy Court. * * * As plaintiff has moved to intervene
> in the Damon & Morey Matter and as the Bankruptcy
> Proceeding is still pending, the undersigned does not see
> how the interests of judicial economy or administrative
> efficiency will be served by determining the rights of the
> parties without being able to determine the benefits that may
> flow from those rights until matters pending before other
> courts are resolved.  Therefore, the Court will dismiss
> plaintiff's claims without prejudice and allow plaintiff to refile
> his claims subsequent to a determination of the Damon &
> Morey Matter and the close of the Bankruptcy Proceeding.

Dkt. #26.  Plaintiff appealed to the Court of Appeals for the Second Circuit.  Dkt. #28.

---

[1] Chief Judge Arcara issued a Decision and Order denying plaintiff's motion to intervene and affirming the bankruptcy's October 19, 2004 Order awarding attorney fees on June 19, 2006. Dkt. #21. Plaintiff and Elia Construction appealed the decision, which was affirmed by the United States Court of Appeals for the Second Circuit on September 17, 2007.  Dkt. #33.

By Order entered August 11, 2006, Judge Kaplan stated as follows:

By letter received by e-mail on August 4, 2006, the Court
has been informed of events subsequent to its June 1, 1998
Order abstaining from hearing certain matters concerning
ownership of the surplus assets of this Debtor.  That
abstention deferred to the then-pending Chapter 11 case, in
the District of New Jersey, of one of the asserted owners.
It is this Court's understanding that that purported owner
has commenced plenary litigation in the U.S. District for the
Western District of New York, which litigation encompasses
any dispute among purported owners, that might otherwise
have been properly before this Court.
Consequently, this Court orders, in the interests of justice
and the convenience of the parties, that all disputes among
purported owners, including, but not limited to the claims of L.
Andrew Bernheim against the assets of this Debtor are moot
in this court, and are dismissed without prejudice to pursuit in
any other Court of appropriate jurisdiction.
The debtor here is directed to file, forthwith, a Final
Report and Account and Application for Final Decree, so that
this Estate may be closed, with all surplus assets of the
Estate to be held or disbursed by the Debtor only in
accordance with the Orders of the U.S. District Court of the
Western District of New York.

Dkt. #44-2, pp.43-44.

In a summary order entered July 20, 2007, the Court of Appeals stated as

follows:

Bernheim's status as a shareholder in [Elia Construction] –
and the rights that flow from that status – remains in dispute
and is the issue upon which his right to relief in this action
depends.  It is also an issue relevant to both Bernheim's
standing to intervene in the bankruptcy fee dispute and the
validity of the claim he filed in D.A. Elia's Chapter 11
proceedings in 1994.  Thus, in light of "the necessity of
avoiding duplicative litigations, thereby conserving judicial
resources," *First City Nat. Bank and Trust Co. v. Simmons*,
878 F.2d 76, 80 (2d Cir. 1989), Judge Elfvin acted well within
his discretion when he dismissed Bernheim's claims without
prejudice and allowed Bernheim's status as a shareholder to
be resolved by the Court which first had occasion to consider
it.  *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir.

2000) ("Because of the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending, a court faced with a duplicative suit will commonly . . . dismiss it without prejudice . . . .").

Subsequent to Judge Elfvin's dismissal, however, it became clear that Bernheim's shareholder status will not be resolved either by the Bankruptcy Court, see Findings of Fact, Conclusions of Law and Recommendation to the District Court, No. 94-10866 K at 2, 4 (Bankr. W.D.N.Y. Oct. 2, 2006) (Bankruptcy Court stating that it directed the Debtor to close the case, that it considered all claims related to the estate to have been resolved and was of the view that all remaining matters in the case would be resolved "in a new civil action by Bernheim, such as has been dismissed by Judge Elfvin 'without prejudice'"), nor by the District Court in the context of Bernheim's motion to intervene, *see D.A. Elia Construction Corp. v. Damon & Morey, LLP*, No. 04-CV0975A, 2006 WL 1720361, at *4 (W.D.N.Y. June 19, 2006) (declining to resolve Bernheim's shareholder status and noting the issue to have been the subject of litigation pending before Judge Elfvin). Thus, because the threat of duplicative litigation no longer exists, and the Western District of New York is the proper forum for the adjudication of Bernheim's claims, we now vacate the District Court's dismissal of those claims and remand with the instruction that the District Court reinstate Bernheim's complaint.

Dkt. #35.

## DISCUSSION AND ANALYSIS

Defendants move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that plaintiff's claims are barred by the statute of limitations.  Dkt. #41.

Plaintiff opposes defendants' motion, moves to strike defendants' motion to dismiss and moves for summary judgment with respect to the first cause of action.  Dkt. ##43 & 46.

**Defendants' Motion to Dismiss**

Defendants argue that plaintiff's claims accrued prior to 1990, when plaintiff first brought an adversarial proceeding against defendants as part of his bankruptcy case in New Jersey, and are, therefore, time-barred.  Dkt. #41-8.

Plaintiff responds that his claims were tolled by the Bankruptcy Court's automatic stay and that the statute of limitations should be equitably tolled.  Dkt. #45.

"A complaint is subject to dismissal for failure to state a claim upon which relief can be granted if the allegations 'show that relief is barred by the applicable statute of limitations.'" *Kermanshah v. Kermanshah,* 580 F. Supp.2d 247, 259 (S.D.N.Y. 2008), *quoting*, *Jones v. Bock,* 549 U.S. 199, 215 (2007).  "It is well established that state law – here, New York law – determines the applicable statute of limitations in federal diversity cases." *Id.*  In New York, the limitations period generally begins to run when the relevant cause of action "accrues." *Id., quoting* N.Y. C.P.L.R. § 203(a).

First Cause of Action – Declaratory Judgment

Plaintiff's first cause of action seeks a declaration that he is the sole shareholder of Elia Construction by virtue of the June 5, 2000 Stipulation and Order.  Dkt. #1, ¶ 40.  "The statute of limitations period for a declaratory judgment action is based on the underlying substantive claims upon which it is premised." *Kermanshah,* 580 F. Supp.2d at 268.  "A stipulation is a contract between parties." *In re Neuman,* 55 B.R. 702, 705 (S.D.N.Y. 1985); *Kleinberg v. Ambassador Assocs.,* 103 A.D.2d 347, 347 (1st Dep't) ("A stipulation is in the nature of a contract and is subject to the rules governing

contracts."), *aff'd* 64 N.Y.2d 733 (1984).  As plaintiff is essentially seeking to enforce a

contract, the appropriate statute of limitations is six years.  N.Y. C.P.L.R. § 213(2).  Thus,

the filing of this action on February 23, 2005, seeking to enforce the Stipulation and Order

of June 5, 2000, is timely.


Second Cause of Action – Declaratory Judgment

           Plaintiff's second cause of action seeks a declaration, in the event that

plaintiff does not prevail on his first cause of action, that he is a fifty percent shareholder

in Elia Construction.  Dkt. #1, ¶ 44.  This cause of action is based upon plaintiff's

allegation that he and David Elia each became fifty percent shareholders when Daniel

Elia sold his stock back to the corporation in 1998 or 1999.  Dkt. #1, ¶ 14.  This cause of

action is subject to a three year statute of limitation, as plaintiff is essentially seeking

return of his ownership interest in the corporation.  *See* N.Y.C.P.L.R. § 214 (3).  As

plaintiff alleges that this cause of action accrued in 1998 or 1999, it is barred by the

statute of limitations.


Third Cause of Action – Conversion

           Plaintiff's third cause of action alleges that defendants improperly converted

profits, dividends, and/or cash distributions of Elia Construction to themselves.  Dkt. #1, ¶

47.  As the statute of limitations for conversion is three years, any claim of conversion

prior to February 23, 2002 would be time-barred.  N.Y.C.P.L.R. § 214(3).


Fourth Cause of Action – Constructive Trust

           Plaintiff's fourth cause of action seeks to impose a constructive trust upon

the assets misappropriated and improperly converted from Elia Construction to defendants. Dkt. #1, ¶ 52.

"A constructive trust is a remedial device imposed in favor of one entitled to property that is wrongfully withheld or where to allow the present holder to retain the property would result in unjust enrichment." *Stone v. Williams*, 970 F.2d 1043, 1051 (2d Cir. 1992), cert. denied, 508 U.S. 906 (1993). A cause of action for a constructive trust is governed by New York's six-year statute of limitations and "runs from the occurrence of the wrongful act or event which creates a duty of restitution." *Dolmetta v. Uintah Nat. Corp.*, 712 F.2d 15, 18 (2d Cir. 1983). Thus, plaintiff's cause of action seeking a constructive trust would be timely with respect to any misappropriations which occurred subsequent to February 22, 1999.

Fifth Cause of Action – Breach of Fiduciary Duty

Plaintiff's fifth cause of action, seeking monetary damages, alleges that defendants, as officers and directors of Elia Construction, owed plaintiff a fiduciary duty as a shareholder of Elia and breached that duty by wrongfully distributing funds and excluding plaintiff from management of the affairs of Elia Construction. Dkt. #1, ¶ ¶ 55-56. Such an action is governed by a three year statute of limitations which begins to run when plaintiff knew or should have known of the facts underlying the claim. *Grosso v. Radice*, No. 07-CV-3620, 2009 WL 749906, at *7 (E.D.N.Y. March 16, 2009). As it is unclear when defendants distributed funds from the bankruptcy surplus, or when plaintiff became aware of such distributions, the Court cannot assess the merits of the statute of limitations argument. If, for example, plaintiff first became aware of the distribution of

funds on August 9, 2004, when debtor's counsel noted Elia Construction's bank balance during proceedings with respect to counsel's fee application, the cause of action would be timely.  As a result, dismissal of this cause of action would be inappropriate at this time.

Sixth Cause of Action – Fraud

        Plaintiff's sixth cause of action alleges that plaintiff subordinated his claim before Judge Kaplan in reliance upon defendants' misrepresentation that defendants would not distribute any funds to enable Elia Construction to resume operations.  Dkt. #1, ¶ 59.  A cause of action for fraud must be commenced within six years of the date the cause of action accrued or two years from the time the plaintiff discovered, or with reasonable diligence could have discovered, the fraud.  N.Y.C.P.L.R. § 213(8).  As it is unclear when defendants distributed funds from the bankruptcy surplus, or when plaintiff became aware of such distributions, the Court cannot assess the merits of the statute of limitations argument.  If, for example, plaintiff first became aware of the distribution of funds on August 9, 2004, when debtor's counsel noted Elia Construction's bank balance during proceedings with respect to counsel's fee application, the cause of action would be timely.  As a result, dismissal of this cause of action would be inappropriate at this time.

Seventh Cause of Action – Conspiracy

        Plaintiff's seventh cause of action alleges that defendants conspired to wrongfully deprive plaintiff of Elia Construction's profits by committing conversion, breach of fiduciary duty and fraud.  Dkt. #1, ¶ 65.  Under New York law, civil conspiracy is not an

independent tort and is time-barred when the substantive tort upon which it depends is time-barred.  *See Jacobs v. Baum*, No. 1:07-cv-167, 2008 WL 819037, at *11 (N.D.N.Y. March 24, 2008).  Thus, this aspect of defendants' motion to dismiss would be governed by the analysis set forth with respect to plaintiff's third, fifth and sixth causes of action.

Eighth Cause of Action – Aiding and Abetting

Plaintiff alleges that defendants each knowingly provided substantial assistance and thereby facilitated the commission of conversion, breach of fiduciary duty and fraud.  Dkt. #1, ¶ 70.   Claims for aiding and abetting are governed by the statute of limitations applicable to the cause of action defendants are alleged to have aided and abetted.  *See Ackerman v. National Property Analysists, Inc*., 887 F. Supp. 494, 508 (S.D.N.Y. 1992).  Thus, this aspect of defendants' motion to dismiss would also be governed by the analysis set forth with respect to plaintiff's third, fifth and sixth causes of action.

Ninth Cause of Action – Injunctive Relief

Plaintiff seeks an injunction to prevent defendants from further depleting the resources remaining in the bankruptcy estate.  Dkt. #1, ¶ 75.  "Traditionally and for good reasons, statutes of limitation are not controlling measures of equitable relief."  *Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946).  Thus, "a suit in equity may lie though a comparable cause of action at law would be barred."  *Id*. at 396.

Tenth Cause of Action – Accounting

Plaintiff seeks an accounting of all monies distributed to defendants from

Elia Construction.  Dkt. #1, ¶ 79.  The statute of limitations in New York for claims of accounting is six years.  N.Y.C.P.L.R. § 213(7).  Thus, plaintiff's request for an accounting is timely as far back as February 23, 2005.

Equitable Tolling

To the extent that plaintiff's claims are barred by the applicable statute of limitations, the Court recommends that the statute of limitations be equitably tolled.

"Equitable tolling is a doctrine that permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity."  *Warren v. Garvin*, 219 F.3d 111,113 (2d Cir.), *cert denied*, 531 U.S. 968 (2000).  The doctrine is applied as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights or has asserted his rights in the wrong forum.  *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996).  The doctrine "requires a party to pass with reasonable diligence through the period it seeks to have tolled."  *Id.*

In the instant case, plaintiff has asserted his claim of ownership of Elia Construction and wrongful deprivation of the benefits of that ownership in his own bankruptcy proceeding in New Jersey; in Elia Construction's bankruptcy proceeding in New York; and in this action.  Defendants have participated in each of these forums as plaintiff's claim of ownership was transferred from New York to New Jersey where it was purportedly settled before being reversed on appeal and ultimately dismissed, at which point the bankruptcy court in New York dismissed plaintiff's claim of ownership in favor of a resolution by this Court, which dismissed the claim as premature pending resolution of

the bankruptcy case.  Plaintiff should not be barred from resolution of his claims by such

procedural complexities.  Therefore, it is recommended that, to the extent that plaintiff's

claims are barred by the statute of limitations, defendants' motion to dismiss those claims

be denied on the ground of equitable estoppel.


**Motion to Strike**

Plaintiff seeks to strike portions of defense counsel's sworn statement

containing improper argument and inadmissible hearsay.  Dkt. #45, p.21.  Plaintiff also

seeks to strike defendants' statement of undisputed facts for failing to provide citation to

evidence in the record.  Dkt. #45, p.21.


The Court agrees that defendants' statement of undisputed facts in support

of its motion to dismiss (Dkt. #41-9), as well as defendants' statement of undisputed facts

in opposition to plaintiff's motion for summary judgment (Dkt. #51), are improper as they

generally fail to cite to admissible evidence within the record before the Court, as

required by Local Rule 56.1(d).  Moreover, the Court agrees that the affidavits of

defendants' attorney contain inadmissible hearsay and unsupported assertions in

violation of Rule 56(e) of the Federal Rules of Civil Procedure.[2]  However, the Court finds

these documents useful to glean defendants' arguments.  As a result, the Court will deny

the motion to strike and exercise its discretion to search the record and reach its

recommendation based upon admissible evidence.

---

[2] Rule 56(e) provides that

Supporting and opposing affidavits shall be made on personal
knowledge, shall set forth such facts as would be admissible in evidence,
and shall show affirmatively that the affiant is competent to testify to the
matters stated therein.

**Motion for Summary Judgment**

Plaintiff seeks summary judgment declaring him to be the sole owner of all shares of stock of Elia Construction.  Dkt. #46.  In support of his motion, plaintiff relies upon the Stipulation and Order entered by Judge Gindin on June 5, 2000.  Dkt. #46-2, ¶ 3.

In opposition to the motion, defendants argue that the

June 5, 2000 Stipulation and Order addresses Plaintiff's ownership interests in [Elia Construction] only between 1987 and 1999, inclusive.  It does not purport to address ownership issues thereafter.

Dkt. #50, ¶ 7.  Defendants' attorney declares that defendants "assert that Plaintiff sold his interest in [Elia Construction] pursuant to a settlement agreement and deny that Plaintiff has had any ownership interest in [Elia Construction] since 1999."  Dkt. #50, ¶ 6.  Defendants' attorney also declares that defendants "state that Plaintiff has received full compensation for selling his stock."  Dkt. #50, ¶ 10.

The June 5, 2000 Stipulation and Order, signed by plaintiff and counsel for the defendants, affords plaintiff sole ownership of Elia Construction for the years 1987 through 1999, inclusive.  Dkt. #46-3, p.3.  Although it is clear that the stipulation was entered into with the intent of resolving the parties' tax liabilities, the stipulation is not dependent upon and therefore could not have been disturbed by the Internal Revenue Service's appeal or the New Jersey District Court's decision vacating Judge Gindin's Orders of June 15, 2000 and June 21, 2000.  By its terms, the Stipulation and Order was subject only to the Confidential Settlement Agreement.  Dkt. #46-3, p.3.

The Confidential Settlement Agreement, on the other hand, is dependent "upon the wiring of the monies as set forth above and receipt of said monies in the account of [plaintiff] by 5 p.m. time of the essence, October 24th. Dkt. #46-3. p.11. However, plaintiff affirms that he "never received the compensation contemplated by the Agreement for the contemplated sale." Dkt. #46-2, ¶ 5; *see also* Dkt. #44-6, ¶ 9. A declaration by defendants' attorney that defendants "assert that Plaintiff sold his interest in [Elia Construction] pursuant to a settlement agreement and deny that Plaintiff has had any ownership interest in [Elia Construction] since 1999"[3] or that defendants "state that Plaintiff has received full compensation for selling his stock" (Dkt. #50, ¶¶ 6 &10), is insufficient to overcome the documentary evidence and affirmation submitted by plaintiff. "Unsupported factual assertions made only in attorney's affidavits or memoranda do not suffice to raise triable issues of fact." *Dean v. City of Buffalo*, 579 F. Supp.2d 391, 408 (W.D.N.Y. 2008).

As the parties stipulated that plaintiff was the sole owner of all shares of stock of Elia Construction as of December 31, 1999, and there is no evidence in admissible form to contest plaintiff's affirmation that the sale of that stock contemplated by the Agreement dated October 24, 2000 did not transpire, logic dictates that plaintiff remains the sole owner of all shares of stock of Elia Construction. Accordingly, it is recommended that plaintiff's motion for partial summary judgment declaring him the sole owner of all shares of stock of Elia Construction be granted.

---

[3] The Court notes the inherent inconsistency in defendants' argument that plaintiff had no ownership interest in Elia Construction subsequent to December 31, 1999 and their argument that plaintiff sold his interest in Elia Construction on October 24, 2000.

## CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that defendants' motion to dismiss the complaint as barred by the statute of limitations (Dkt. #41), be **DENIED**; plaintiff's motion to strike defendants' attorney's affidavits and statement of facts in support of defendants' motion to dismiss (Dkt. #43), be **DENIED**; and plaintiff's motion for partial summary judgment (Dkt. #46), be **GRANTED**.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an</u>
<u>extension of such time waives the right to appeal the District Court's Order</u>.  *Thomas v.*
*Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*,
838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local
Rules for the Western District of New York, "written objections shall specifically identify
the portions of the proposed findings and recommendations to which objection is made
and the basis for such objection and shall be supported by legal authority."  <u>Failure to</u>
<u>comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of</u>
<u>Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report,</u>
<u>Recommendation and Order), may result in the District Judge's refusal to consider the</u>
<u>objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of
the Report and Recommendation to counsel for the parties.

**SO ORDERED**.

Dated:      Buffalo, New York
            March 26, 2009

　　　　　　　　　　　　　　　 **s/ H. Kenneth Schroeder, Jr.　**
　　　　　　　　　　　　　　　 **H. KENNETH SCHROEDER, JR.**
　　　　　　　　　　　　　　　 **United States Magistrate Judge**