UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

L. ANDREW BERNHEIM,

        Plaintiff,

    v.                                                                            DECISION AND ORDER
                                                                              05-CV-118A

DAVID ELIA, et. al,

        Defendants.

        This action involves a claim by the plaintiff that he is the sole shareholder of D.A. Elia Construction Corp. and that, as a result, he is entitled to certain funds misappropriated by the defendants, who are persons or entities that own or operate the construction company. The action was initially dismissed by Hon. John T. Elfvin based upon Judge Elfvin's belief that plaintiff's claims would be adjudicated in other pending matters. When that did not occur, plaintiff appealed Judge Elfvin's decision and the Second Circuit found that Judge Elfvin's order of dismissal should be vacated and the complaint reinstated.

        Upon remand from the Second Circuit, the matter was reassigned to this Court due to Judge Elfvin's retirement from the bench. This Court referred the matter to United States Magistrate Judge H. Kenneth Schroeder for pretrial proceedings. The parties filed various pretrial motions and on March 26, 2009,

Magistrate Judge Schroeder issued a report and recommendation addressing those pending motions. Defendants filed objections to that report and recommendation on April 7, 2009, and plaintiff filed his objections to the report and recommendation on May 8, 2009. Responses have been filed and those objections are currently pending before this Court.

In the meantime, on May 8, 2009, the defendants filed a motion for recusal. In their motion, the defendants argue that recusal is required based upon prior judicial opinions issued by this Court, which defendants claim display "deep-seated favoritism or antagonism [against defendants] that would prevent fair judgment." See Motion to Recuse, Dkt. 83, at 3-4. Specifically, the defendants cite to the following orders in support of their motion:

(1) this Court's June 19, 2006 Order in In re D.A. Elia Constr. Corp., 04-CV-975A (Dkt. No. 21) (affirming an order of Bankruptcy Judge Michael J. Kaplan that granted attorneys fees to debtor's attorney under § 330 of the Bankruptcy Code);

(2) this Court's March 31, 2008 Order in Elia v. Damon & Morey, LLP, 07-CV-143A (Dkt. No. 21) (granting summary judgment to defendant on the ground that all of plaintiff's state court claims were barred by the doctrine of *res judicata* and denying without prejudice the defendant's motion for sanctions);

(3) the "suspect timing" of this Court's March 14, 2009 Order issued in In re D.A. Elia Constr. Corp., 07-cv-754 and 08-cv-103; and

(4) the fact that this Court has granted plaintiff extensions of time to file his objections, respond to defendants' objections and to respond to the motion for recusal.

The plaintiff filed papers in opposition to the motion for recusal. Oral argument was deemed unnecessary.

## DISCUSSION

Section 455(a) of Title 28 requires a judge to recuse himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). "The district judge has discretion in the first instance to determine whether to disqualify himself." In re Basciano, 542 F.3d 950, 956 (2d Cir. 2008) (quotation omitted). In determining whether recusal is required, the judge must "carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his expected adverse decisions." Id. (quotation omitted). The test focuses on "whether an objective, disinterested observer, fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." Id. (quotation omitted).

The scope of 28 U.S.C. § 455(a) "is commonly limited to those circumstances in which the alleged partiality stems from an extrajudicial source." United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008) (quotation omitted). Indeed, the Supreme Court has long recognized that "judicial rulings alone

almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). "[O]nly in the rarest circumstances [can judicial rulings] evidence the degree of favoritism or antagonism required" for recusal. Id. Accordingly,

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Id. at 555 (emphasis in original). See also LoCascio v. United States, 473 F.3d 493 (2d Cir. 2007) (per curiam), cert. denied, 128 S. Ct. 554 (2007) (finding that district court's holding the defendant in contempt during trial did not warrant recusal).

In light of the foregoing, the Court finds that the defendants' motion must be denied. None of the orders cited reflect the type of deep-seated favoritism or antagonism" required to merit recusal. As to the first order, this Court's June 19, 2006 Order in In re D.A. Elia Constr. Corp., 04-CV-975A, that order simply affirmed an order of Bankruptcy Judge Michael J. Kaplan that granted attorneys fees to debtor's attorney under § 330 of the Bankruptcy Code. It is noted the Second Circuit summarily affirmed that order.

4

As to the second order, this Court's March 31, 2008 Order in Elia v. Damon & Morey, LLP, 07-CV-143A, that order granted summary judgment in favor of Damon & Morey on the ground that all of plaintiffs's state law claims (for malpractice, breach of contract conversion and attorney misconduct) were barred by *res judicata* principles as a result of this Court's order affirming Judge Kaplan's § 330 attorney fee award. In that same order, this Court admonished the defendant, David Elia, and his attorney, for repeatedly attempting to relitigate matters that had already been decided. Although the Court declined to award sanctions to Damon & Morey, the Court cautioned that any repeated attempts to relitigate those same matters may provide the basis for imposing sanctions. Although there is no question that the Court's March 31, 2008 Order admonished defendant Elia and his attorney, admonishment was warranted under the circumstances.[1]

As to the third ground, the defendant asserts that an order entered by this Court on March 14, 2009 is "suspect" because it was allegedly issued days after counsel had sent a letter to the Court inquiring as to the status of another case. The Court has no recollection of the letter referred to, nor did that letter have any

---

[1] Indeed, in a related appeal from the fee award, the Second Circuit stated that Elia's appeal from one of his unsuccessful attempts to relitigate the fee award was "frivolous and should not have been brought, even if authorized by the client." The Circuit directed that counsel show cause as to why sanctions should not be issued. See Summary Order of Second Circuit in In re D. A. Elia Construction Corp., 07-3058, dated October 3, 2008. Ultimately, the Court did not impose sanctions.

impact on this Court's March 14, 2009 Order. Rather, the March 14, 2009 Order was issued on the merits of the claims being raised in the two bankruptcy appeals then pending in 07-cv-754 and 08-cv-103. In that Order, the Court found that both of the bankruptcy appeals were frivolous and reflected a "poorly disguised effort to relitigate matters that have already been throughly litigated in the bankruptcy court, this Court and even at the Second Circuit." See March 14, 2009 Order, at 6. This Court's dismissal of two frivolous bankruptcy appeals does not provide a basis for recusal in this action. Absent evidence of deep-seated favoritism or antagonism, a party cannot obtain recusal simply because it has received unfavorable rulings by a district court.

Finally, as to the fourth ground, the Court does not agree that granting plaintiff's extensions of time to file objections or respond to motions somehow shows that this Court is biased against the defendants.

Where, as here, "the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited." In re Aguinda, 241 F.3d 194, 201 (2d Cir. 2001). "A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." Id. (quotation omitted). Indeed, a recusal made where the standard has not been met would provide parties with the opportunity to manipulate the judicial process through "judge shopping." See In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1315 (2d Cir. 1988).

**CONCLUSION**

For the reasons stated, the Court hereby denies the defendants' motion for recusal. The parties shall appear on **September 10, 2009, at 9:00 a.m.** for argument on the objections to Magistrate Judge Schroeder's report and recommendation.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: August  , 2009